## MEYERS vs. VILBURN, *Principal Defendant,* AND A. B. Garnishee.

DEFAULT for want of disclosure may be entered against a garnishee, on his failure to appear to a citation to answer special interrogations on exception to disclosure.

*Alpena Circuit Court, Oct.* 1869

The garnishee filed disclosure: and exceptions to it having been filed, a citation to answer special interrogations was issued. The garnishee did not appear to the citation, and therefore on an affidavit of such omission, his default, for want of a disclosure, was entered.

*Kelley,* for Plaintiff.

*O. D. Conger and Tuttle,* for Garnishee.

SUTHERLAND, J.— The Statute authorizes an entry of default for want of a disclosure. L. 1863, p. 398, Sec. 5.

On exception to disclosure for insufficiency, a notice to answer the exceptions or special interrogations, is the mode prescribed to obtain a full disclosure.

There is no way provided to compel actual appearance and answer to such special interrogations. But an insufficient disclosure, is no disclosure.

On the exceptions being allowed, and the failure of the garnishee to answer them, ( Laws 1863, p. 397. Sec. 4.) his default may be entered for want of a disclosure.

Motion denied.